IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRELL THEODORE BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 14-64<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 6th day of April, 2015, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for supplemental security income on March 3, 2011, alleging a disability onset date of September 29, 2010, due to, *inter alia*, anxiety and depression. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on September 19, 2012, at which plaintiff, represented by counsel, appeared and testified. On October 19, 2012, the ALJ issued a decision finding that plaintiff is not disabled. On November 19, 2013, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 39 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). He has at least a high school education. Plaintiff has no past relevant work experience and he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of asthma, major depressive disorder, anxiety disorder, psychosis with depression, personality disorder and polysubstance abuse,[1] those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the medium exertional level but with numerous restrictions necessary to accommodate

---

[1] Under the regulations, where a claimant is *found disabled* and there is medical evidence of alcoholism or drug addiction, the ALJ must determine whether the claimant's alcohol or drug addiction "is a contributing factor material to the determination of disability." 20 C.F.R. §416.935(a). Here, the ALJ found that plaintiff is not disabled, mooting the question of whether plaintiff's polysubstance abuse is a contributing and material factor to the disability determination. (R. 15).

his mental impairments. (R. 17).[2] Taking into account these restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including dishwasher, janitor and ground worker. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[2] Specifically, the ALJ found that plaintiff "has the residual functional capacity to perform medium work except he is "relegated to simple, routine, repetitive work; performed in a stable work environment with no changes in the work place and the work process; decision making within fixed parameters; and no contact with the public." (R. 17).

[3] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

Here, plaintiff challenges the ALJ's evaluation of the medical evidence relating to plaintiff's mental impairments.[4] Specifically, she contends: (1) that the ALJ improperly gave "little weight" to the assessment of the consultative psychologist; (2) that the ALJ improperly gave "little weight" to the medical source statement of plaintiff's treating psychologist; and, (3) that the ALJ improperly credited the opinion of the state agency reviewing psychologist over those of the treating and consultative psychologists. Upon review, the court is satisfied that the ALJ properly evaluated the medical evidence and that her analysis is supported by substantial evidence in the record.

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(c)(2); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(c). Importantly, the opinion of any physician, including a treating physician, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(d); SSR 96-5p.

---

[4] Plaintiff does not dispute the ALJ's evaluation of the medical evidence or her findings with regard to plaintiff's physical impairments. (Plaintiff's Statement of Facts, Document 11 at 2, n. 1).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. First, the ALJ specifically addressed the consultative report from Dr. David Prybock and adequately explained why she was assigning "little weight" to the opinion insofar as it indicated marked limitations in several areas of mental functioning.[5] (R. 20). In making this determination the ALJ observed that Dr. Prybock's assessment was a "one-shot consultative examination and relied to a considerable degree upon [plaintiff's] statements during the interview." (Id.) Accordingly, "given the absence of greatly abnormal findings on mental status examination," the ALJ concluded that Dr. Prybock's assessment "overstates the degree of limitation." (Id.).

The ALJ discussed Dr. Prybock's report in detail in her decision and the evidence supports her evaluation. (R. 19-20). In particular, she noted that plaintiff showed no visible signs of anxiety upon examination, that he was cooperative, that he denied experiencing auditory and visual hallucinations, that his thought processes were intact, that he demonstrated a good general fund of information and good concentration on testing, and that he was fully oriented and his memory was intact. (R. 20-21; 181-185). She also discussed the treatment records from Western Psychiatric Institute and Clinic Crisis Service which showed relatively normal findings on two separate mental status examinations in August and September of 2011. (R. 20).

Plaintiff challenges the ALJ's evaluation of Dr. Prybock's opinion on two grounds. First, he argues that while the ALJ relied on "the absence of greatly abnormal findings" on the mental status examination, there were in fact significant abnormalities recorded by Dr.

---

[5] Specifically, Dr. Prybock indicated that plaintiff has marked limitations in his ability to make judgments on simple work-related decisions, his ability to interact appropriately with the public, supervisors and co-workers, and his ability to respond appropriately to work pressures in a usual work setting and to changes in a routine work setting. (R. 186)

AO 72
(Rev. 8/82)

Prybock, including, *inter alia*, that plaintiff "exhibited psychomotor retardation", his speech was slowed, his thoughts were tangential and his thought productivity was sparse, his insight was limited, he demonstrated impaired social judgment by not readily picking up on social cues, he required redirection and repetition of questions numerous times and he was "extremely tangential." (R. 183-185).

However, as the ALJ noted, plaintiff admitted that he abused alcohol and smoked marijuana on the morning of the mental status examination, (R.19), and Dr. Prybock himself suggested that plaintiff's use of alcohol and drugs "likely impeded" the results of that examination. (R. 187). Accordingly, it was not improper for the ALJ to infer that the "abnormalities" recorded by Dr. Prybock likely were the result of the fact that plaintiff was not sober during the mental status examination.

In this regard, plaintiff argues that the ALJ improperly discredited Dr. Prybock's report because of plaintiff's substance abuse problems and, in effect, found that his drug and alcohol abuse was a material factor, contradicting her earlier finding that the issue of the materiality of plaintiff's drug and alcohol abuse was moot. However, the ALJ did *not* find that plaintiff's polysubstance abuse was material to the *disability determination*. Rather, she properly found that that question was moot because plaintiff is not disabled. 20 C.F.R. §416.935(a). What the ALJ did determine on the other hand is that plaintiff's use of drugs and alcohol on the day of the mental status examination impacted the results of that examination and, accordingly, she declined to rely on Dr. Prybock's finding of marked limitations in various areas of mental functioning based on those skewed results. This was not improper, particularly where Dr. Prybock himself reported that plaintiff's use likely impeded his performance on the mental status examination. The court finds no error in the ALJ's evaluation of Dr. Prybock's opinion.

The ALJ also specifically addressed the medical source statement from plaintiff's treating psychologist, Dr. Earl Brink, and adequately explained why she was assigning "little weight"to his conclusion that plaintiff has "an inability to engage in full-time employment on a sustained basis." (R. 21). In making this determination the ALJ observed that Dr. Brink's report notes only 9 visits over a 2 ½ year period and that there are no other treatment notes to indicate that plaintiff was seeing any therapist or other mental health professional. (Id.) The ALJ suggested that if plaintiff were "as bad as Dr. Brink reported" she would expect to find more significant treatment in the record. She also noted that Dr. Brink's own records do not support his conclusion and found that his opinion "conflicts with the longitudinal medical evidence of record." (Id.).

The record also supports the ALJ's evaluation of Dr. Brink's opinion. Initially, the court notes that Dr. Brink's opinion that plaintiff is unable to engage in full-time employment is an opinion on an issue reserved to the Commissioner and, therefore, was not entitled to any special significance. 20 C.F.R. §416.927(d); SSR 96-5p. Moreover, as already discussed, Dr. Brink's opinion that plaintiff cannot perform any work is not supported by the objective evidence, including the mental status examination of Dr. Prybock, the mental status examinations conducted at Western Psychiatric Institute, and a mental status examination conducted by a licensed social worker in August of 2012, all of which the ALJ considered in her decision. (R. 20-21).

Plaintiff challenges the ALJ's evaluation of Dr. Brink's opinion on two grounds. First, he argues that the ALJ improperly discredited that opinion on the basis of Dr. Brink's treatment notes. See Brownawell v. Commissioner of Social Security, 554 F.3d 352, 356 (3d Cir.2008) (noting distinction between a doctor's notes for purposes of treatment and that doctor's

ultimate opinion on claimant's ability to work). Here, however, the ALJ did not discredit Dr. Brink's opinion solely on the basis of his "treatment notes." Instead, the ALJ found that Dr. Brink's own records do not support his conclusion that plaintiff cannot perform any work and also found that his opinion conflicts with the "longitudinal medical evidence of record," including a lack of treatment notes from *any* source that would indicate that plaintiff was seeing any therapist or mental health professional on a regular basis for his purportedly disabling mental health impairments.

Plaintiff also argues that the ALJ improperly discredited Dr. Brink's opinion on plaintiff's lack of treatment without considering whether there was "justifiable cause" for not seeking treatment, in violation of SSR 82-59. However, SSR 82-59 applies to an "individual who otherwise would be found to be under a disability" and who "fails without justifiable cause to follow treatment" which "can be expected to restore the individual's ability to work." SSR 82-59. Under SSR 82-59, a denial of benefits for failure to follow a prescribed treatment plan may only be issued after the ALJ finds a disabling impairment that precludes engaging in any substantial gainful activity and finds no justifiable cause for not following the treatment plan. Here, the ALJ did not so find and did not deny benefits due to plaintiff's non-compliance with treatment. Instead, the ALJ appropriately determined that Dr. Brink's opinion that plaintiff was unable to perform any work because of the debilitating effect of his mental impairments was not consistent with the fact that plaintiff was not seeking regular treatment for those impairments. This was not error and the court is satisfied the ALJ's evaluation of Dr. Brink's opinion is supported by substantial evidence.

Plaintiff's final argument is that the ALJ erred in giving more credence to the residual functional capacity assessment of Dr. Manella Link, the state agency reviewing physician, who concluded that plaintiff could meet the basic mental demands of competitive work, (R. 61-71), than to the opinions of Dr. Prybock and Dr. Brink.

Pursuant to the Regulations, state agency medical consultants are considered to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(e)(2)(ii); SSR 96-6p. The ALJ did so here and, having concluded that Dr. Link's report was more consistent with the totality of the evidence than the opinions of Dr. Prybock and Dr. Brink, he properly gave Dr. Link's opinion greater weight. (R. 22). Accordingly, the ALJ's reliance on Dr. Link's opinion was not erroneous. See Chandler v. Commissioner of Social Security, 667 F.3d 356, 361 (3d Cir. 2012).

Lastly, to the extent plaintiff contends that the ALJ improperly relied on Dr. Link's assessment because it was not properly signed with a handwritten signature, this argument is without merit. Plaintiff argues that 20 C.F.R. §416.920a(e)(1) requires that a psychological consultant "must review and sign the document to attest that it is complete and that he or she is responsible for its content, including the findings of fact." Plaintiff argues that Dr. Link's report should have been disregarded in this case because it contained only a typewritten signature, rather than a handwritten one. The court disagrees.

Initially, the court notes that 20 C.F.R. §416.920a(e)(1) applies only at the initial or reconsideration stages of the administrative review process. At that stage, the psychological

AO 72
(Rev. 8/82)

consultant is the adjudicator and, as such, "they do not express opinions; they make findings of fact that become part of the determination." SSR 96-5p. However, at the ALJ level, the findings of a psychological consultant are not "findings of fact" but become opinion evidence. Id. At this stage, the evaluation of those opinions is governed by 20 C.F.R. §416.920a(e)(4), and the ALJ has greater flexibility and, in fact, is not even required to employ the assistance of a medical advisor. See Plummer, supra, 186 F.3d at 433. The court notes that there is no specific "review and sign" requirement set forth in 20 C.F.R. §416.920a(e)(4).

In any event, even assuming the "review and sign" requirement applies at the ALJ stage of the administrative process, Dr. Link's typewritten signature on his report is valid. There is nothing in 20 C.F.R. §416.920a(e)(1) requiring a handwritten signature, and the Social Security Administration's Program Operations Manual System (POMS) expressly permits either an "actual physical signature" or an "approved electronic signature." See POMS Section DI 26510.089(A)(4). Here, Dr. Link's typewritten signature constitutes an "approved electronic signature."

It is axiomatic in social security cases that, although the ALJ may weigh the credibility of the evidence, she must give some indication of the evidence that she rejects and the reasons for discounting that evidence. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). Here, the ALJ reviewed and discussed all of the pertinent medical evidence and adequately explained her reasons for giving less weight to the opinions of Dr. Prybock and Dr. Brink and greater weight to that of Dr. Link. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219